# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN PIERRE JOHNSON, | CASE NO. 1:09-cv-00277-LJO-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| K. HARRINGTON, et al., | (Doc. 10) |
| Defendants. | THIRTY-DAY OBJECTION PERIOD |

**Findings and Recommendations Following Screening of Second Amended Complaint**

**I.     Screening Requirement**

Plaintiff Shawn Pierre Johnson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 12, 2009. Pending before the Court is Plaintiff's second amended complaint, filed April 2, 2010.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

---

[1] Plaintiff amended his complaint twice, but this is the first screening review by the Court.

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**II.    Plaintiff's Claims**

    **A.    Summary of Facts**[2]

Plaintiff, an inmate at Kern Valley State Prison, alleges that Lieutenant M. R. Phillips, Warden Mike Knowles, Captain R. Fisher, Jr., and Chief Deputy Warden C. J. Chrones violated his rights under the First Amendment and the Eighth Amendment of the United States Constitution. Plaintiff also alleges conspiracy claims under section 1983 and 42 U.S.C. §§ 1985(3) and 1986.

On July 14, 2006, Plaintiff's hand was shut in his cell door by Correctional Officer B. Clark. (Doc. 12, 2nd Amend. Comp., court record p. 4 ¶3.) Plaintiff filed an inmate appeal grieving the incident. (Id., ¶4.) The appeal was denied at the second level of review on October 4, 2006, by Defendant Knowles. (Id., ¶5; Exhibits, pp.38-39.) The response stated that Plaintiff told Defendant

---

[2] In summarizing the facts, the Court relies on Plaintiff's exhibits in addition to his allegations.

2

Phillips during an interview that he had been kicking his cell door because he was mad about receiving a CDC 115 (rules violation) earlier in the day for masturbation. (Id.) Plaintiff alleges that he was never interviewed by Defendant Phillips, and that the information regarding the sexual misconduct was false and endangered his safety with the inmate population.

Officer Clark subsequently viewed the appeal response and stated that the incident as described by Defendant Phillips never occurred. Officer Clark contacted Defendant Phillips and Cranmer, a correctional counselor, and informed them of the error. Cranmer spoke with B. Gricewich, an appeals coordinator, about the error, but they declined to correct the error, informing Plaintiff that the appeal was a legal document.

Plaintiff filed another appeal grieving Defendant Phillips' false statement. (Id., Exs., pp. 30-32.) On February 2, 2007, Defendant Chrones addressed that appeal at the second level of review and denied Plaintiff's request to have the information removed from his record.[3] (Id., Exs., pp. 33-34.) The response acknowledged that an administrative error occurred and explained that Defendant Phillips' response pertained to an appeal filed by another inmate and it was inadvertently attached to Plaintiff's inmate appeal. (Id.) Plaintiff's request was denied on the ground that inmate appeal forms are legal documents and cannot be removed from inmates' central files. (Id.) The earlier appeal against Officer Clark for closing Plaintiff's hand in his cell door was reassigned for review and response. (Id.)

Plaintiff alleges that Defendant Phillips retaliated against him for using the inmate appeals process by making false statements that he interviewed Plaintiff and that Plaintiff told him he was mad about receiving a rules violation report for masturbation. Plaintiff alleges that Defendants Phillips, Knowles, Fisher, and Chrones were involved in a conspiracy to violate his rights and endanger his safety.

**B.     First Amendment Retaliation Claim**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because

---

[3] Defendant Fisher interviewed Plaintiff for that appeal.

3

of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Retaliation against a prisoner's First Amendment right to file a prison grievance may support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Although Plaintiff asserts that Defendant Phillips made false statements in retaliation against him for filing an inmate appeal, there are no specific facts supporting that conclusion and Plaintiff's exhibits evidence nothing more than an administrative error. Plaintiff's hand was shut in his cell door and he appealed the incident. The second level appeal response at issue addresses a "living conditions" appeal in which the appellant repeatedly kicked his cell door, which led Officer Palombo to pepper spray the appellant. (Exs., pp. 33-34.) The appellant claimed that excessive force was used against him, and he sought placement of the appeal in Palombo's file and disciplinary action against Palombo. (Id.) Defendant Phillips interviewed the appellant and the appellant explained he had been kicking his cell door because he was mad about having been issued a CDC 115 for masturbation. (Id.)

Defendant Chrones addressed Plaintiff's subsequent appeal complaining about the false information. (Id.) Prison officials determined that an administrative error had occurred and the written response to Plaintiff's earlier appeal belonged with an appeal submitted by another inmate. (Id.) However, Defendant Chrones declined to remove the erroneous appeal from Plaintiff's central file because it was a legal document.[4] (Id.)

Although Plaintiff focuses on the section of the response in which it is represented that he was interviewed and he told the interviewer he was mad about a rules violation report for masturbation, it is plain that the *entire* second level response relates to a grievance about being pepper sprayed for kicking a cell door and not to Plaintiff's grievance about having his hand shut in

///

---

[4] The third level response from the Inmate Appeals Branch in Sacramento states that the institution represented that an amended response to Plaintiff's appeal regarding his hand being shut in the cell door was in the process of being prepared, reviewed, and signed, and a copy would be placed in Plaintiff's central file. (Exs., pp. 28-29.)

4

his cell door. As such, there is simply no support for Plaintiff's claim that Defendant Phillips made up information in order to retaliate against Plaintiff for using the inmate appeals process.

Plaintiff's claim that Defendants conspired to retaliate against him also fails. Conspiracy under section 1983 requires a showing of an agreement or a meeting of the minds to violate Plaintiff's constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). Plaintiff's conclusory allegations of a conspiracy between Defendants are not sufficient to support a claim, and further, there is no underlying claim for retaliation upon which to base the conspiracy claim. Iqbal, 129 S.Ct. at 1949-50; Avalos, 596 F.3d at 592.

### C. Eighth Amendment Failure-to-Protect Claim

Plaintiff contends that the false accusation of masturbation in the appeal response caused a threat to his safety, in violation of the Eighth Amendment, which protects prisoners from inhumane conditions of confinement. Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Foster, 554 F.3d at 812.

It is questionable that referencing the issuance of a rules violation report for masturbation in the course of addressing an administrative appeal could constitute an objectively serious deprivation upon which an Eighth Amendment claim may be based. Regardless, there is no support for the claim that Defendants knew of and disregarded an excessive risk of harm to Plaintiff's safety. Other than Plaintiff's conclusory allegation of Defendant Phillips' motivation, which is contradicted by the exhibits, there is no indication that Defendants intended to harm Plaintiff or that they turned a blind eye to a substantial risk of harm.

5

1 Further, although Plaintiff alleges that he fears for his life because inmate Ray Ford circulated
2 copies of the appeal to the inmate population, it was Plaintiff who gave Ford the appeal and Ford
3 who initiated circulation of the information. (2nd Amend. Comp., p. 7.)  Blame for Plaintiff's
4 decision to disclose the documents to Ford or for Ford's decision to broadcast the issue to other
5 inmates, as ill-conceived as they may have been in hindsight, may not be transferred onto
6 Defendants.

       **D.**    **Section 1985 and 1986 Claims**

In addition to alleging a conspiracy to retaliate against him under section 1983, Plaintiff alleges violations of section 1985(3) and section 1986.  A section 1985(3) requires "four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."  Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted).  A racial, or perhaps otherwise class-based, invidiously discriminatory animus is an indispensable element of a section 1985(3) claim.  Sprewell v. Golden State Warriors, 266 F.3d 979, 989 (9th Cir. 2001) (quotations and citation omitted).  "Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985."  Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 971 n.7 (9th Cir. 1994).

Plaintiff's second amended complaint is devoid of any support for the existence of a section 1985(3) claim or a section 1986 claim.

**III.**    **Conclusion and Recommendation**

Plaintiff's second amended complaint fails to state any claims upon which relief may be granted under section 1983, 1985(3), or 1986.  The deficiencies at issue are not capable of being cured through amendment and therefore, the Court RECOMMENDS this action be DISMISSED, with prejudice, for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

**days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 26, 2011**                     /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE